IN THE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
16 NOV 22 PM 3: 26
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

Kofi Modibo Ajabu
    Plaintiff,

v.

Hamilton County Prosecutor's Office,
Wayne Sturtevant, Former Hamilton County Prosecutor,
Ken Roberts, Kofi Ajabu's Defense Attorney,
Roberts & Bishop Law Office,
Kevin Scionti Estate (Deceased), Kofi Ajabu Defense Attorney
Sonia Leerkamp, Former Hamilton County Prosecutor
Bruce Lemmons Commissioner, Indiana Department of Corrections
Eric K. Koselke, Appeals Attorney
    Defendants.

Complaint
Civil Action No. 1:16:cv-2613-TWP-DKL

## MOTION FOR ENTRY OF DEFAULT

Comes now, Plaintiff, Kofi Modibo Ajabu and hereby requests the Clerk to enter a default against Eric K. Koselke on the basis that the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure. In support of said motion Plaintiff states the following:

1. Courts have a duty to pro se (sui juris) litigants. Courts should go to particular pains to protect pro se litigants against consequences of technical errors if **injustice** would otherwise result (McClellan v. Lones Star Gas Co. 66 F 3d 98 (5th Cir) (1995): Court should freely give the complainant, especially pro se complainant, leave to amend defective allegations in pleading Broag v. Macdougall. 454 U.S. 364. 70 Led 2d 551. 102 S.Ct 700 (1982); Haines v. Kerner, 404 U.S. 519.30 Led 2d 652.92 S.Ct. 594 (1972).

2. Pro se litigants pleadings are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers, if court can reasonably rend pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigants

unfamiliarity with pleading requirement. In re Haines, pro se litigants are held to less stringent pleading standards as BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. Court errs if court dismisses the pro se litigant pleading without instruction on how pleadings are deficient and how to repair pleadings Platsky v. C.I.A., 953 f.2d 25.

3. Litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have the constitutional right to have their claims adjudicated according to the rule of precedent. Anastasoff v. United States, 223 F.3d 898 (8th Cir 2000).

4. Plaintiff, Kofi Modibo Ajabu ("Plaintiff") filed above captioned complaint on October 3, 2016.

5. Plaintiff delivered summons to Eric K. Koselke ("Defendant") on October 5, 2016.

6. Defendant had 21 days to answer plaintiff's complaint which would be up to and including October 26, 2016.

7. James O. Giffin made appearance on behalf of Defendant on October 19, 2016.

8. On October 19, 2016, Mr. Giffin filed for *automatic initial extension of time* citing Fed R. Civ. P. 6(b).

9. Fed. R. Civ. P. does not provide for an automatic initial extension of time.

10. Plaintiff as of this writing has not received Plaintiff's request for enlargement of time.

11. Even if Fed. R. Civ. P. did provide an automatic enlargement of time, Plaintiff has yet to be properly served with Defendant's request.

12. On October 20, 2016 Plaintiff filed his Objection to Defendant's Notice of automatic initial extension of time

13. On November 21, 2016 Mr. Giffin on behalf of Defendant filed Motion To Dismiss For Failure To State A Claim.

14. November 21, 2016 is well beyond the October 26, 2016 deadline for Defendant to respond to Plaintiff's complaint.

15. Defendant has failed to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure.

16. Plaintiff, Kofi Modibo Ajabu hereby requests the Clerk to enter a default against Eric K. Koselke on the basis that the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Kofi M. Ajabu*

Kofi Modibo Ajabu, Petitioner, pro se
DOC # 955750
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been hand delivered to James O. Giffin, 141 East Washington Street, Fourth Floor, Indianapolis, IN 46204 and to Tasha Roberts at 118 North Delaware Street, Indianapolis, IN 46204, David A. Arthur, Office of Attorney General, 302 West Washington Street, IGCS – 5th Floor, Indianapolis, IN 46204, James O. Giffin, 141 East Washington Street, Suite 400, Indianapolis, IN 46204 on this 22nd day of November, 2016.

*/s/ Kofi M. Ajabu*

Kofi Modibo Ajabu, Petitioner, pro se