# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KOFI MODIBO AJABU, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:16-cv-02613-TWP-DKL<br>) |
| HAMILTON COUNTY PROSECUTOR'S OFFICE, WAYNE STURTEVANT former Hamilton County Prosecutor, KEN ROBERTS Kofi Ajabu's defense attorney, ROBERTS & BISHOP LAW OFFICE, ESTATE OF KEVIN SCIONTI deceased, Kofi Ajabu's defense attorney, SONIA LEERKAMP former Hamilton County prosecutor, BRUCE LEMMONS Commissioner, Indiana Department of Corrections, ERIC K. KOSELKE appeals attorney, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ENTRY GRANTING MOTIONS TO DISMISS

This matter is before the Court on three separate Motions to Dismiss: Defendants Hamilton County Prosecutors Office, Wayne Sturtevant, Sonia Leerkamp, and Bruce Lemmon (the "State Defendants") ([Filing No. 19](#)), attorney Ken Roberts and Roberts & Bishop Law Office (the "Roberts Defendants") ([Filing No. 4](#)), and attorney Eric Koselke ([Filing No. 23](#)). Plaintiff Kofi Modibo Ajabu ("Ajabu") was convicted in Indiana state court of three counts of murder, three counts of criminal confinement, three counts of robbery, and one count of burglary. He is now serving his sentence for those crimes at the Wabash Valley Correctional Facility. Ajabu brings this action pursuant to 42 U.S.C. § 1983 against the State Defendants, the Roberts Defendants, and Eric Koselke, asserting that each Defendant violated his constitutional rights in the course of his

criminal trial, appeal, and post-conviction proceeding and concludes that he is being held unlawfully. He seeks release from custody, that his conviction be overturned, and monetary damages. For the reasons stated below, the Defendants' individual motion to dismiss are **granted**.[1]

## I. MOTION TO DISMISS LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

---

[1] Defendant Estate of Kevin Scionti has not appeared in this action and appears not to have been served with a summons and copy of the complaint. Because the claims against this defendant can be dismissed for the same reasons as those discussed in this Entry, these claims are also dismissed.

## II. DISCUSSION

The Defendants move to dismiss arguing, among other things, that Ajabu's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Because this argument sufficiently disposes of all claims, the Court need not address the other arguments for dismissal discussed in the motions to dismiss.

*Heck* provides that where "success in a . . . [42 U.S.C. §] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing *Heck*). In other words, "under *Heck,* a § 1983 claim for damages is not cognizable (*i.e.* does not accrue) if a judgment in favor of the plaintiff on that claim 'would necessarily imply the invalidity of [the plaintiff's] conviction or sentence.'" *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 896-97 (7th Cir. 2001) (citing *Heck,* 512 U.S. at 487). Ajabu is currently in prison serving the sentence imposed for the convictions identified in his complaint. It is clear from the face of the complaint that those convictions have not been successfully challenged. Since Ajabu has failed to show that his state convictions have been vacated, he cannot ask this Court to "dismiss" his convictions or order his immediate release through § 1983 litigation. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973) (A writ of "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). In addition, he cannot recover monetary damages in the form of a civil rights action where such relief would necessarily impugn the validity of his underlying conviction. *Snodderly,* 239 F.3d at 896-

97 (citing *Heck*, 512 U.S. at 487). Accordingly, Ajabu's claims are barred at this time and must be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated above, the Motions to Dismiss filed by the Roberts Defendants ([Filing No. 4](#)), the State Defendants ([Filing No. 19](#)), and Eric Koselke ([Filing No. 23](#)) are each **GRANTED**. The claims against Defendant Estate of Kevin Scionti are dismissed for the same reasons. Because all claims are dismissed, Ajabu's Motion for Summary Judgment ([Filing No. 31](#)) is **DENIED**. Judgment dismissing the action without prejudice shall now issue.

**SO ORDERED.**

Date: 2/2/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kofi Modibo Ajabu, 955750
Wabash Valley Correctional Facility
6908 South Old US Hwy 41
P.O. Box 1111
Carlisle, Indiana 47838

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
david.arthur@atg.in.gov

Tasha Roberts
ROBERTS & BISHOP
troberts@roberts-bishop.com

James O. Giffin
RILEY BENNETT & EGLOFF LLP
jgiffin@rbelaw.com